## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTQUINT L. COX., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  16-cv-1237 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

## ORDER & OPINION

This matter is before the Court on Petitioner Antquint L. Cox's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 28, 2016. (Doc. 1). Cox pleaded guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Judgment, *United States v. Cox*, No. 13-cr-10081 (C.D. Ill. 2014), Doc. 28 at 1).  As to Count One, the Court sentenced him to 262 months imprisonment. As required by law, the Court sentenced him to 60 months on Count Two, to run consecutive to Count 1. (*Id.* at 2).

The Court calculated Petitioner's guidelines range of 262 to 327 months imprisonment, based on a total offense level of 45 and a criminal-history category of VI. (Revised Presentence Investigation Report, *United States v. Cox*, No. 13-cr-10081 (C.D. Ill. 2014), Doc. 23 at 18); *United States v. Cox*, 581 F. App'x 574 (7th Cir. 2014). In calculating this guidelines range, the Court found that Petitioner was eligible for an enhanced sentence as a career offender under Section 4B1.1 of the United States

Sentencing Guidelines because he had at least two prior felony convictions for controlled substance offenses. (Revised Presentence Investigation Report, *United States v. Cox*, No. 13-cr-10081 (C.D. Ill. 2014), Doc. 23 at 7); *United States v. Cox*, 581 F. App'x 574 (7th Cir. 2014). These included a conviction in Peoria County for unlawful delivery of a controlled substance, and a conviction in United States District Court for possession of cocaine base, possession of a firearm in furtherance of drug trafficking, and distribution of a controlled substance. (Revised Presentence Investigation Report, *United States v. Cox*, No. 13-cr-10081 (C.D. Ill. 2014), Doc. 23 at 7).

In his Petition, Cox asserts that the he should be resentenced because he is not a career offender in light of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 1 at 4).

## DISCUSSION

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must promptly review the motion to see if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." The Court has undertaken this review, and concludes that the motion must be dismissed.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court addressed the constitutionality of one clause of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Id.* at 2555. The statute defines a violent felony as "any crime

2

punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B). The italicized clause of § 924(e)(2)(B)(ii) has become known as the residual clause. In *Johnson*, the Supreme Court held that this clause violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

Part of the career offender provisions in the United States Sentencing Guidelines suffers from the same problem. Section 4B1.1 of the United States Sentencing Guidelines provides that a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The Sentencing Guidelines define a crime of violence as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2 (emphasis added). The italicized portion of the definition crime of violence in the sentencing guidelines is identical to the residual clause in the ACCA that the Supreme Court held was unconstitutionally vague.

In his Motion, Petitioner argues that he can no longer be considered a career offender in light of *Johnson*. (Doc. 1 at 4). The Supreme Court recently held that *Johnson* announced a new substantive rule of constitutional law that is retroactive on collateral review. *Welch v. United States*, 163 S. Ct. 1257 (2016). Whether *Johnson* applies retroactively on collateral review to inmates sentenced as career offenders pursuant to the sentencing guidelines remains an open question in this circuit. *See Garecht v. United States*, No. 16-cv-3161, 2016 WL 3581994, at *3 (C.D. Ill. June 27, 2016).

Even assuming that *Johnson* applies retroactively on collateral review to individuals who were found to be career offenders under the guidelines, Petitioner would not be entitled to relief. Petitioner's instant offense of conviction was a substance offense, and the two convictions that the Court relied upon to conclude that Petitioner was a career offender were controlled substance offenses.[1] They were not convictions for crimes of violence. *See* (Revised Presentence Investigation Report, *United States v. Cox*, No. 13-cr-10081 (C.D. Ill. 2014), Doc. 23 at 7); *United States v. Cox*, 581 F. App'x 574 (7th Cir. 2014). Therefore, *Johnson*, which invalidated one part

---

[1] The term "controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

4

of the ACCA's definition of a violent felony and did not address controlled substance offenses, has no application to Petitioner's case. *See Russell v. United States*, No. 16-1131, 2016 WL 3030218, at *2 (C.D. Ill. May 26, 2016). As such, Petitioner is not entitled to relief under *Johnson* and his Petition must be dismissed.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted. *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### CONCLUSION

5

For the reasons stated above, Petitioner Antquint L. Cox's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED. This matter is now terminated. IT IS SO ORDERED.

Entered this 11th day of July, 2016.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
